Opinion issued October 19, 2006









     







In The
Court of Appeals
For The
First District of Texas




NO. 01–05-01058–CR




REYNALDO ANTUNEZ OSORIO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 230th District Court 
Harris County, Texas
Trial Court Cause No. 1031438





MEMORANDUM OPINION 

          A jury found appellant, Reynaldo Antunez Osorio, guilty of possession with
intent to deliver a controlled substance


 and assessed punishment at 23 years’
confinement and a $1 fine. In two points of error, appellant contends that the
evidence is legally and factually insufficient to support his conviction.
          We affirm.
Background
          The following is a summary of the evidence presented by the State at trial
through the testimony of police officers G. Siens and A. Ordaz, members of the
Houston Police Department’s drug interdiction squad. 
          On the evening of June 21, 2005, Officers Siens and Ordaz were working
undercover at a Houston bus terminal. It was a location that the officers frequently
worked to catch illegal drug couriers. At 8:00 p.m., Officer Siens noticed appellant
arrive at the terminal as a passenger in a car. Officer Siens saw appellant get out of
the car, take two duffel bags from the backseat, and walk away from the car without
saying anything to the woman who was driving. One of appellant’s bags had the Nike
logo on its side and the other was a Skyline-brand bag. Both bags appeared to be new
and did not have name identification tags. While purchasing his bus ticket, appellant 
glanced over his shoulder to see if anyone was watching. Officer Siens found this 
behavior “odd.” Appellant purchased a ticket to Indianapolis with cash and then sat
down in the small overflow seating area rather than in the large main seating area. 
Officer Siens thought that this was unusual because people rarely sat in that section.
          Officer Siens approached appellant and, speaking in English, identified himself
as a police officer. Officer Siens asked appellant if he could speak with him. 
Appellant responded, “Yes.” Officer Siens asked to see appellant’s bus ticket, and
appellant handed it to the officer. Officer Siens saw that the name on the ticket was
“Reynaldo Antunez.” Officer Siens then asked appellant for identification and
appellant gave him a Mexican identification card bearing the name “Reynaldo
Antunez Osorio.” Officer Siens also noted that appellant’s bus to Indianapolis was
scheduled to leave at 8:30 p.m.
          Officer Siens noticed that appellant’s hand was shaking when he gave the ticket
back to appellant. Officer Siens also noticed that appellant was becoming more
nervous and that his English was becoming “more broken.” At that point, Officer
Siens asked Officer Ordaz, who is certified by the Houston Police Department as a
Spanish interpreter, to speak with appellant. 
          Appellant told Officer Ordaz that the two duffel bags belonged to him. When
Officer Ordaz asked appellant if he had packed both bags, appellant responded that
he had packed the Nike bag. When the officer asked who had packed the Skyline
bag, appellant “just looked at it” and did not answer. Officer Ordaz asked if anyone
had asked appellant to carry any items to Indiana. Appellant denied that anyone had. 
Officer Ordaz then asked appellant if he knew what was in both bags. Appellant
replied that he did not know what was in the Skyline bag, leading Officer Ordaz to
believe that it contained contraband. 
          When asked, appellant denied being in possession of any large amounts of
narcotics or money. Officer Ordaz asked appellant if they could search his bags. 
Appellant agreed and knelt down to open the Nike bag. Officer Ordaz stopped
appellant, informing him that the officers would search the bags. Officer Siens
opened the Skyline bag and pulled back a blanket revealing 10 bricks of cocaine. At
that point, without the officers saying anything to him, appellant placed his hands
behind his back in a position indicating that he expected to be handcuffed. Appellant
did not ask what had been found and did not seem surprised to see the bricks of
cocaine in the bag. Appellant did, however, appear to be upset because his eyes
started to water. 
          The officers did not find anything in or on the bags with appellant’s name on
it. No other illegal drugs were found in appellant’s possession. 
          A post-arrest search of appellant revealed a fake Texas identification card
bearing appellant’s picture and the name “Javier Gutierres Torres.” Appellant also
had a bus ticket from Indianapolis to Houston dated one week earlier.
          Officer Siens had estimated that the Skyline bag contained approximately five
kilograms of cocaine, with a street value of $500,000. A police crime lab chemist
testified that the 10 bricks found in appellant’s bag all tested positive for cocaine and
had a combined weight of 4.8 kilograms. Legal and Factual Sufficiency
          In two points of error, appellant contends that the evidence is legally and
factually insufficient to sustain the jury’s verdict that he was guilty of possession of
a controlled substance with the intent to deliver. 
A.      Standards of Review
          A legal-sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Although our analysis considers
all of the evidence presented at trial, we may not re-weigh the evidence and substitute
our judgment for that of the fact finder. King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000).
          “In a factual sufficiency review, we view all the evidence in a neutral light,
both for and against the finding, and set aside the verdict if ‘proof of guilt is so
obviously weak as to undermine confidence in the jury’s determination, or the proof
of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.’” 
Vodochodsky v. State, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005) (quoting
Johnson, 23 S.W.3d at 11). We consider all of the evidence weighed by the jury,
comparing the evidence that tends to prove the existence of the elemental fact in
dispute with the evidence that tends to disprove it, but avoiding substitution of our
judgment for that of the fact finder. Id. In conducting a factual-sufficiency review,
we must discuss the evidence that, according to the appellant, most undermines the
jury’s verdict. See Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
B.      Legal Sufficiency Analysis
          To prove possession with intent to deliver, the State must prove that the
defendant (1) exercised care, custody, control or management over the controlled
substance; (2) intended to deliver the controlled substance to another; and (3) knew
that the substance in his possession was a controlled substance. Tex. Health &
Safety Code Ann. §§ 481.002(38) (Vernon Supp. 2005), 481.112(a) (Vernon 2003);
Parker v. State, 192 S.W.3d 801, 805 (Tex. App.—Houston [1st Dist.] 2006, pet.
ref’d). Regarding the third element, appellant contends that the evidence was legally
insufficient to show that he knew that the Skyline bag contained cocaine. In
determining whether he knew that he possessed cocaine, the jury was allowed to infer
appellant’s knowledge from his acts, conduct, and remarks, and from the surrounding
circumstances. See Ortiz v. State, 930 S.W.2d 849, 852 (Tex. App.—Tyler 1996, no
pet.); Menchaca v. State, 901 S.W.2d 640, 652 (Tex. App.—El Paso 1995, pet. ref’d);
see also Gutierrez v. State, 628 S.W.2d 57, 60 (Tex. Crim. App. 1980), overruled on
other grounds by Chambers v. State, 711 S.W.2d 240, 247 (Tex. Crim. App. 1986)
(concluding that jury could reasonably infer from independent facts and
circumstances that accused knew of drug’s existence). 
          At trial, Officer Siens told the jury that he noticed appellant get out of a car at
the bus terminal, grab his bags, and walk away without saying anything to the driver. 
Officer Siens, a 13-year veteran of the police department’s narcotics division and a
six-year veteran of the drug interdiction squad, explained that a drug courier often
does not speak to the person giving him a ride because the courier often may not
know the driver. Officer Siens also noticed that appellant’s bags did not have
identification tags and were new. Officer Siens explained that a drug courier often
does not put identification tags on his bags to prevent a bag containing contraband
from being linked to him. Officer Siens also told the jury that a drug courier often
uses new bags.
          Officer Siens stated that a drug courier will often glance around as he
purchases his ticket to see who may be watching and will usually pay for the ticket
in cash so that there will be no “paper trail” of the purchase. Officer Siens also
testified that Indianapolis is currently a popular illegal drug destination. Here,
Officer Siens noted that appellant was glancing over his shoulder as he purchased his
ticket. Officer Siens also noticed that appellant purchased a ticket to Indianapolis and
that he paid for the ticket with cash. 
          Officer Siens also explained that a drug courier will often arrive at the terminal
shortly before his departure time to limit the time in which he may be detected. Here,
the evidence showed appellant arrived at the bus station at 8:00 p.m. and that his bus
to Indianapolis was scheduled to leave at 8:30 p.m. 
          The evidence also showed that appellant became nervous when speaking with
Officer Siens, another characteristic of a drug courier. Officer Siens testified that the
name on the bus ticket did not match the name on appellant’s Mexican identification
card. Officer Ordaz testified that a fake Texas identification card was also found on
appellant bearing yet a third name. According to Officer Siens, drug couriers often
use aliases. A one-way ticket from Indianapolis to Houston, purchased the previous
week, was also found on appellant. Officer Siens testified that drug couriers often
travel on one-way tickets. In addition, Officer Ordaz testified that, when appellant
denied knowing what was in the Skyline bag, the officer became suspicious that
contraband was in the bag. Officer Ordaz stated that a drug courier often tries to
distance himself from a bag containing contraband.
          When the officers discovered the cocaine in his bag, appellant immediately
turned around and placed his hands behind his back as though preparing to be
handcuffed, though neither officer had said anything to indicate that drugs had been
discovered or that appellant would be arrested. Furthermore, the officers testified that
appellant did not appear at all surprised by the their discovery.
          Taken together, appellant’s appearance, demeanor, conduct, and remarks
indicated that he knew that the Skyline bag contained cocaine. See Alexander v.
State, 740 S.W.2d 749, 758–59 (Tex. Crim. App. 1987) (concluding that sufficiency
of evidence is determined from cumulative effect of all evidence; each fact in
isolation need not establish the guilt of accused). Morever, the fact that appellant was
found carrying 10 bricks of cocaine weighing 4.8 kilograms in a duffel bag is also
probative of his knowledge. See Menchaca, 901 S.W.2d at 652 (concluding that
knowledge of presence of contraband may be inferred from control over vehicle in
which contraband is concealed, particularly if amount of contraband is large). After
viewing the evidence in the light most favorable to the verdict, we conclude that any
rational trier of fact could have found beyond a reasonable doubt that appellant knew
that the Skyline bag contained cocaine. Accordingly, we hold that the evidence was
legally sufficient to support appellant’s conviction.
          We overrule appellant’s first point of error.
C.      Factual Sufficiency Analysis
          Appellant also contends that the evidence was factually insufficient to show
that he knew that the Skyline bag contained cocaine. Appellant contends that the
evidence supports only a “suspicion of guilt.” 
          Besides the police officers’ testimony, the record also shows that appellant
testified in his own defense. Appellant testified that he moved to Houston from
Indiana after his cousin offered him a job with better pay. Appellant explained that,
after only one week in Houston, he discovered that work was available only three
days a week and that the pay was low. For these reasons, he decided to return to
Indiana. Appellant told the jury that the night before he was to depart a friend called
asking appellant to take a bag with him to Indiana. Appellant testified that he did not
ask any questions about what was in the bag and stated that he was not concerned that
the bag might contain an illegal substance. Appellant testified that he had always
been a very trusting person. Despite appellant’s explanation of the events, the jury,
as fact finder, was free to disbelieve appellant’s testimony. See Cain v. State, 958
S.W.2d 404, 408–09 (Tex. Crim. App. 1997). 
          Moreover, the evidence that legally supports the finding that appellant knew
the Skyline bag contained cocaine is not so weak that our confidence in the jury’s
verdict is undermined. As discussed, the evidence showed that appellant (1)
possessed a duffel bag containing 10 bricks of cocaine, (2) exhibited numerous
characteristics of a drug courier, (3) automatically placed his hands behind his back
when the officers found the cocaine, and (4) did not act surprised to see the cocaine.
Such circumstances and conduct indicate that appellant knew that the bag contained
cocaine. Such evidence supports more than a “suspicion of guilt.”
          Viewing all of the evidence in a neutral light, we conclude that the proof of
appellant’s guilt “is [not] so obviously weak as to undermine confidence in the jury’s
determination,” nor is it “greatly outweighed by contrary proof.” Johnson, 23 S.W.3d
at 11; see Vodochodsky, 158 S.W.3d at 510. We hold that the evidence is factually
sufficient to support appellant’s conviction.
          We overrule appellant’s second point of error.

Conclusion
          We affirm the judgment of the trial court.




                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.

Do not publish. See Tex. R. App. P. 47.2(b).