COURT
OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                     FORT WORTH

 

 

                                           NO.
2-07-265-CR

 

 

HERMAN DELINE KNEELAND                                                 APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

         FROM CRIMINAL
DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                                  ------------

 

                                  MEMORANDUM OPINION[1]

 

                                                  ------------








A jury convicted Appellant Herman Deline Kneeland
of two counts of possession with intent to deliver four grams or more but less
than two hundred grams of a controlled substance, namely heroin and cocaine,
and sentenced him to fifty years=
confinement on each count, to run concurrently. 
In three points, Kneeland argues that the evidence is legally and
factually insufficient to support his conviction and that the trial court erred
by admitting certain evidence over his rule of evidence 403 objection.  We will affirm.

Just after 2:00 a.m. on October 18, 2006, Officer
Jamie Pinkston and Officer Brett Mills of the Fort Worth Police Department
observed and paced a black truck traveling at fifty-three miles per hour in a
thirty-five mile per hour zone just west of East Loop 820 in Fort Worth. 
The officers attempted to stop the truck after the driver, Kneeland,
negotiated a left turn without signaling, but the truck continued driving
slowly for a short distance.  When the
truck stopped, Officer Pinkston approached the driver=s side
of the truck, and Officer Mills approached the passenger side of the
truck.  Kneeland did not have a driver=s
license, but he gave Officer Pinkston Aall his
information.@ 
Officer Mills determined the identity of the lone passenger in the
truck, whom Kneeland identified at trial as Michael Moore, and discovered about
$1,300 on him.  Officer Pinkston called
for assisting officers, and Officer Martinez and Sergeant Ost arrived.








The officers confirmed the identities of Kneeland
and Moore and ran a check for outstanding warrants.  Kneeland had two outstanding traffic
warrants; Moore
had none.  Sitting in his patrol car,
Officer Pinkston radioed Officer Martinez to arrest Kneeland for the
outstanding warrants.  Officer Martinez
handcuffed Kneeland and patted him down. 
A plastic baggie with capsules containing a brown, powdery substance
fell to the ground through one of Kneeland=s pant
legs.  Officer Martinez then shook
Kneeland=s
clothes around his waistband, and a second plastic bag containing a white
substance fell to the ground through Kneeland=s other
pant leg.  Officer Martinez then pulled
Kneeland=s pants
and underwear aside and observed another plastic bag Arubber-banded@ to
Kneeland=s
testicles and penis.  He removed the bag,
which contained a white powdery substance and a number of smaller clear plastic
bag Acorners@
containing white powder.

Kneeland was placed in the back of Officer
Pinkston=s patrol
car.  Officers returned the $1,300 to Moore and released
him.  When Sergeant Ost opened the back
door of Officer Pinkston=s patrol car to take Kneeland=s
picture, Kneeland said Asomething to the effect of, that=s my
dope, the other guy doesn=t have nothing to do with it.@  While transporting Kneeland to jail, Kneeland
told Officer Pinkston, ASir, that=s my
dope, that other guy had nothing to do with it.@








Subsequent testing of the first baggie that fell
from Kneeland=s pant leg showed that it
contained approximately sixty capsules containing approximately thirteen grams
of heroin.  A portion of the contents of
the second bag that fell from Kneeland=s pant
leg contained approximately ten grams of cocaine.  The third plastic bag contained 2.97 grams of
cocaine, and seventeen of the smaller bag corners analyzed contained 2.53 grams
of cocaine.

At Kneeland=s trial,
an officer testified that a typical narcotics user would only purchase one to
five heroin capsules for personal use and that the amount of narcotics in
Kneeland=s
possession was a Adealer amount.@  Kneeland testified that he did not possess
all of the narcotics.

In his first and second points, Kneeland
challenges the legal and factual sufficiency of the evidence to show that he
possessed the cocaine and heroin.

In reviewing the legal sufficiency of the
evidence to support a conviction, we view all the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235 S.W.3d 772,
778 (Tex.
Crim. App. 2007).








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Watson v.
State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006); Drichas v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
factfinder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414B15, 417; Johnson v. State,
23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).  Unless the record
clearly reveals that a different result is appropriate, we must defer to the
jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at 8.  Thus, we must give due deference to the
factfinder=s determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id.
at 9.  An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s
complaint on appeal.  Sims v. State,
99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).








To establish unlawful possession with the intent
to deliver a controlled substance, the State must show that the defendant (1)
exercised actual care, custody, control, or management over the controlled
substance; (2) knew that he possessed a controlled substance; and (3) had the
intent to deliver the controlled substance. 
See Tex. Health & Safety Code Ann. '' 481.002(38),
481.102(2), (3)(D) (Vernon Supp. 2008), 481.112(a), (d) (Vernon 2003); Parker
v. State, 192 S.W.3d 801, 805 (Tex. App.CHouston
[1st Dist.] 2006, pet. ref=d); Howard
v. State, No. 01-06-00951-CR, 2008 WL 101374, at *2 (Tex. App.CHouston
[1st Dist.] Jan. 10, 2008, no pet.) (mem. op.). 
Possession is Aa voluntary act if the possessor
knowingly obtains or receives the thing possessed or is aware of his control of
the thing for a sufficient time to permit him to terminate his control.@  Tex.
Penal Code Ann. ' 6.01(b) (Vernon
2003).  The State may offer direct or
circumstantial evidence to prove a defendant=s
possession of narcotics.  Brown v.
State, 911 S.W.2d 744, 746B48 (Tex.
Crim. App. 1995).  In determining whether
the defendant knew that he possessed narcotics, the jury is allowed to infer
the defendant=s knowledge from his acts,
conduct, and remarks and from the surrounding circumstances.  Krause v. State, 243 S.W.3d 95, 111
(Tex. App.CHouston [1st Dist.] 2007, pet.
ref=d); Ortiz
v. State, 930 S.W.2d 849, 852 (Tex. App.CTyler
1996, no pet.).

The evidence shows that when Officer Martinez
searched Kneeland incident to arrest, two plastic bags containing heroin and
cocaine fell out of Kneeland=s pant
legs and onto the ground.  Officer
Martinez found a third plastic bag containing cocaine rubber-banded to Kneeland=s penis
and testicles.  Kneeland told both
Sergeant Ost and Officer Pinkston that the contraband was his and not Moore=s.








Kneeland specifically contends that there was no
testimony from any witness establishing that he actually possessed the heroin
and cocaine and no evidence to link him to the majority of the drugs found
during his arrest.  But the testimony of
Officer Pinkston, Officer Mills, and Officer Martinez regarding the discovery
of the contraband on Kneeland=s personCnot in
the truck, on Moore,
or in some other location not in Kneeland=s
exclusive possessionCevidences Kneeland=s
exercise of actual care, custody, control, or management over the contraband at
the time of its discovery.

Kneeland testified that Moore is the one who
sells drugs for a living; that the police officers discovered only a small
amount of crack cocaine on him; that the remainder of the drugs fell out of the
truck and onto the ground; that at no point did he possess the heroin, the
powder cocaine, or the large baggie with crack cocaine; and that the officers
all lied about the discovery of the narcotics. 
The jury, however, was the sole judge of the credibility of the witnesses,
and it could have chosen to disbelieve Kneeland=s
testimony, as it clearly did.  See
Lancon v. State, 253 S.W.3d 699, 705 (Tex. Crim. App. 2008).

We hold that the evidence is both legally and
factually sufficient to show that Kneeland possessed the heroin and
cocaine.  See Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; Watson, 204 S.W.3d at 414B15,
417.  Accordingly, we overrule Kneeland=s first
and second points.








In his third point, Kneeland specifically argues
that the trial court abused its discretion by not conducting a rule 403
balancing test when the State sought to introduce into evidence State=s
exhibit numbers eleven and twelve, which consist of two docket sheets, two
judgments, and two informations pertaining to two of Kneeland=s prior
convictions.

Although relevant, evidence may be excluded if
its probative value is substantially outweighed by the danger of unfair
prejudice, confusion of the issues, or misleading the jury, or by
considerations of undue delay, or needless presentation of cumulative
evidence.  Tex. R. Evid. 403.  Once appellant makes a rule 403 objection,
the trial court must weigh the probativeness of the evidence to determine if it
is substantially outweighed by its potential for unfair prejudice.  Santellan v. State, 939 S.W.2d 155,
169 (Tex. Crim. App. 1997).  A trial
court, however, is not required to sua sponte place into the record any
findings it makes or conclusions it draws when engaging in this test.  Williams v. State, 958 S.W.2d 186, 195
(Tex. Crim. App. 1997); Howland v. State, 966 S.W.2d 98, 103 (Tex. App.CHouston
[1st Dist.] 1998), aff=d, 990
S.W.2d 274 (Tex. Crim. App. 1999) (stating that trial court need not conduct a
formal hearing or even announce on the record that it has mentally conducted
the balancing test).  Rather, a judge is
presumed to engage in the required balancing test once rule 403 is
invoked.  Williams, 958 S.W.2d at
195.








Here, the record demonstrates that Kneeland had A[n]o
objection@ to State=s
exhibit number eleven when the State offered it into evidence.  Kneeland consequently failed to preserve this
portion of his third point for appellate review.  See Tex. R. App. P. 33.1(a)(1); Mendez
v. State, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); Mosley v. State,
983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh=g), cert.
denied, 526 U.S.
1070 (1999).

Regarding State=s
exhibit number twelve, there is nothing in the record to indicate that the
trial court did not perform the rule 403 balancing test or that Kneeland
requested and the trial court refused to include its findings on the record.  We presume that the trial court conducted the
required balancing test, and Awe
refuse to hold that the silence of the record implies otherwise.@  See Williams, 958 S.W.2d at 195B96.  Accordingly, we overrule Kneeland=s third
point.








Having overruled Kneeland=s three
points, we affirm the trial court=s
judgment.

 

DIXON W. HOLMAN

JUSTICE

PANEL:  HOLMAN, GARDNER, and
WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  December 11, 2008











[1]See Tex. R. App. P. 47.4.