Opinion issued April 6, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01–05–00453–CR




ALISHA KALEE PARKER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 996252




O P I N I O N

          Alisha Kalee Parker, appellant, was charged with possession of 200 grams or
more but less than 400 grams of a controlled substance with the intent to deliver. 
Tex. Health & Safety Code Ann. § 481.112 (Vernon 2003). Appellant pleaded
not guilty, and the jury returned a verdict of guilty. The trial court assessed
punishment at 17 years in prison.
          In three points of error, appellant argues that (1) the evidence was legally and
factually insufficient to support her conviction; (2) the trial court erred by not
including an instruction on article 38.23 of the Texas Code of Criminal Procedure in
the jury charge; and (3) the trial court erred in overruling appellant’s hearsay
objection.
          We affirm.
Background
           Officer Timmy Walker is an undercover officer for the Houston Police
Department. Prior to August 2, 2004, Officer Walker received information from a
confidential informant that a woman by the name of Alisha would be arriving at a
specified apartment in Houston, Texas, and that she would be carrying a large
quantity of cocaine. Based on this information, Officer Walker set up surveillance
on the apartment complex. As he waited for the woman to show up, he received
information from the confidential informant that the woman’s car had broken down
and that she would not arrive that day. After Officer Walker left, he passed by a red
Toyota automobile that had broken down nearby.
          The next day Officer Walker again set up surveillance on the apartment
complex. During that time, appellant arrived at the apartment complex in the same
red Toyota that Officer Walker had seen the day before. Officer Walker watched her
enter the specified apartment. Shortly after, appellant came out, got something out
of the back seat and put it in the trunk. Appellant went back inside and eventually
came out with two women, Shanita Vital and Shamichael Ester, along with Vital’s
two children. The five got into appellant’s car, and appellant drove away. Officer
Walker followed them and notified Officers Steve Hooper and Jeff Marcus. Officers
Hooper and Marcus were dressed in police uniforms and were in a police car. Once
they identified appellant on the road, they pulled up behind appellant. The officers
testified that they saw Vital’s son standing in the back seat. The officers pulled
appellant over because the child was not properly restrained.
          Once the officers turned on the lights on their car, appellant drove into an
apartment complex and parked. During their search of the car, Officer Marcus found
a purse in the trunk of the car. Officer Marcus opened the purse and saw 352 grams
of cocaine in a press and seal sandwich bag and a small scale in the purse. Appellant
acknowledged that both the car and the purse were hers, but denied having any
knowledge of the cocaine. Appellant told the officers that her brother had driven the
car a little over a month ago and that he must have placed the cocaine in the purse,
which she said had been in the trunk the entire time.
Legal and Factual Sufficiency
          In her first point of error, appellant argues that the evidence is legally and
factually insufficient to support her conviction.
A.     Standard of Review
          A legal-sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Although our analysis considers
all of the evidence presented at trial, we may not re-weigh the evidence and substitute
our judgment for that of the fact finder. King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000).
          In a factual-sufficiency review, we view all of the evidence in a neutral light,
and we will set the verdict aside only if the evidence is so weak that the verdict is
clearly wrong and manifestly unjust, or the contrary evidence is so strong that the
standard of proof beyond a reasonable doubt could not have been met. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144
S.W.3d 477, 481 (Tex. Crim. App. 2004)). Our evaluation may not intrude upon the
fact-finder’s role as the sole judge of the weight and credibility accorded any
witness’s testimony. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 
The fact-finder alone determines what weight to place on contradictory testimonial
evidence, as it depends on the fact-finder’s evaluation of credibility and demeanor. 
Id. at 408. In conducting a factual-sufficiency review, we must discuss the evidence
that, according to appellant, most undermines the jury’s verdict. See Sims v. State,
99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
B.      Analysis
          In a possession with intent to deliver case, the State must prove that the
defendant: (1) exercised care, custody, control, or management over the controlled
substance; (2) intended to deliver the controlled substance to another; and (3) knew
that the substance in his possession was a controlled substance. Tex. Health &
Safety Code Ann. §§ 481.002(38) (Vernon Supp. 2005), 481.112(a) (Vernon 2003);
Nehm v. State, 129 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2004, no pet.).
          Intent to deliver may be inferred from the quantity of drugs possessed and from
the manner in which they are packaged. Guy v. State, 160 S.W.3d 606, 613 (Tex.
App.—Fort Worth 2005, pet. ref’d); Reece v. State, 878 S.W.2d 320, 325 (Tex.
App.—Houston [1st Dist.] 1994, no pet.). The police recovered 352 grams of cocaine
powder along with a scale in a purse that was in the trunk of appellant’s car. Officer
Jones, who had worked for 18 years in the narcotics division of the Houston Police
Department, testified that the quantity of the cocaine along with the presence of a
scale indicated that the cocaine would be distributed. No evidence was presented to
controvert this. We hold that the evidence was legally and factually sufficient to
establish an intent to deliver.
          When a defendant is not in exclusive possession of the place where the
controlled substance is found, the State must prove additional independent facts and
circumstances that affirmatively link the defendant to the contraband in such a way
that it can be concluded that the defendant had knowledge of the contraband and
exercised control over it. Nehm, 129 S.W.3d at 699. Affirmative links are
established when the evidence, direct or indirect, establishes “that the accused’s
connection with the drug was more than just fortuitous.” Poindexter v. State, 153
S.W.3d 402, 405–06 (Tex. Crim. App. 2005) (quoting Brown v. State, 911 S.W.2d
744, 747 (Tex. Crim. App. 1995)). Courts have identified a number of factors that
may help to show an affirmative link to controlled substances. See, e.g., Nehm, 129
S.W.3d 699 n.1; Gilbert v. State, 874 S.W.2d 290, 298 (Tex. App.—Houston [1st
Dist.] 1994, pet. ref’d). It is not the number of factors present that is important, but
rather the “logical force” that they create to prove that the defendant knowingly
possessed the controlled substance. Nehm, 129 S.W.3d at 699–700.
          Officer Walker received a tip from a confidential informant that a woman
named Alisha would be in possession of a large quantity of cocaine and would be
arriving at a specified apartment in Houston. Officer Walker and other officers set
up surveillance around the identified apartment complex. After receiving word that
Alisha’s car had broken down, Officer Walker left. While driving, he passed a red
Toyota that was broken down. The next day, he set up surveillance again and saw
appellant arrive at the apartment complex in the same red Toyota. Officer Walker
saw appellant take something out of the back seat and put it in the trunk.
          After appellant was stopped, she acknowledged that both the car and the purse
containing the cocaine were hers. Although she was not the only person in the car,
she was the only one who accessed the trunk during the time in question. Appellant
acknowledged that she was the only person who had driven the car for the last few
weeks. The purse was found on the top of other items in the trunk. The cocaine was
found in the main section of the purse on top of the other items.
          We hold that the evidence was legally sufficient to affirmatively link appellant
to the cocaine.
          To challenge the factual sufficiency of the evidence, appellant argues that no
one saw her with the purse or saw her put the purse in the trunk and that her
fingerprints were not found on the bag and scales. This does not render the evidence
in support of the verdict so weak and manifestly unjust that it shocks the
consciousness of the court. We hold that the evidence is factually sufficient to
support appellant’s conviction.
          We overrule appellant’s first point of error.
Jury Charge
          In her second point of error, appellant argues that the trial court erred by not
including an instruction on article 38.23 of the Texas Code of Criminal Procedure in
the jury charge.
          In analyzing a jury-charge issue, we first review the record for error. Ngo v.
State, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). If we find error, we then review
the record for harm. Id. We do not review the record for preservation of error until
we assess harm. Id. 
          Officers Hooper and Marcus testified that they saw the young boy in the car
standing up, indicating that he was not secured by a seatbelt. The officers pulled
appellant over because the child was not properly restrained. However, Vital and
Ester testified that the boy was sitting in Ester’s lap, and that both of them were
secured by a seatbelt. Based on this, appellant filed a motion to suppress with the
trial court. After a hearing, the trial court denied the motion.
          On appeal, appellant complains that the trial court failed to include an
instruction on article 38.23 of the Texas Code of Criminal Procedure. See Tex. Code
Crim. Proc. Ann. art. 38.23(a) (Vernon 2005). Article 38.23(a) provides as follows:
No evidence obtained by an officer or other person in violation of any
provisions of the Constitution or laws of the State of Texas, or of the
Constitution or laws of the United States of America, shall be admitted in
evidence against the accused on the trial of any criminal case.
 
In any case where the legal evidence raises an issue hereunder, the jury shall
be instructed that if it believes, or has a reasonable doubt, that the evidence
was obtained in violation of the provisions of this Article, then and in such
event, the jury shall disregard any such evidence so obtained.
          The evidence shows, however, that appellant never requested that an article
38.23 instruction be included in the jury charge. In fact, after appellant had reviewed
the proposed charge and the trial court asked appellant’s counsel whether they had
any objection to the charge, her counsel responded by saying they had no objections.
          An allegation of illegally obtained evidence is a defensive issue. Ramirez v.
State, 76 S.W.3d 121, 128 (Tex. App.—Houston [14th Dist.] 2002, pet. ref’d). When
the omission of a defensive charge has not been objected to, there is no error. See
Posey v. State, 966 S.W.2d 57, 61–62 (Tex. Crim. App. 1998) (holding that defensive
charge must be requested); Barrera v. State, 982 S.W.2d 415, 416 (Tex. Crim. App.
1998) (holding there is no error if defensive charge is not requested).
          We overrule appellant’s second point of error.

Hearsay
          In her third point of error, appellant argues that the trial court erred in
overruling her hearsay objection.
A.      Standard of Review
          A trial court’s decision to admit or exclude evidence is reviewed under an
abuse of discretion standard. Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim. App.
2002). An appellate court will not reverse a trial court’s ruling unless that ruling falls
outside the zone of reasonable disagreement. Id. 
B.      Analysis
          Officer Walker repeatedly testified about how he had received various
information from a confidential informant. This information, which lead to the
eventual arrest of appellant, included (1) a woman named Alisha would arrive at a
certain apartment complex carrying substantial amounts of cocaine and (2) the
woman would not show up on the day expected because her car had broken down. 
At each point that Officer Walker discussed what the confidential informant had said,
appellant objected on hearsay grounds and the trial court overruled the objections.
          Hearsay is a statement, other than one made by the declarant while testifying
at trial, that is offered to prove the truth of the matter asserted. Tex. R. Evid. 801(d). 
An extrajudicial statement or writing which is offered for the purpose of showing
what was said rather than for proving the truth of the matter asserted does not
constitute hearsay. Dinkins v. State, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995); 
Ellis v. State, 99 S.W.3d 783, 788 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d).
          An officer is permitted to testify to information upon which he acted. Schaffer
v. State, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989). However, the officer “should
not be permitted to relate historical aspects of the case, replete with hearsay
statements in the form of complaints and reports on grounds that she was entitled to
tell the jury the information upon which she acted.” Id. at 114–15. 
          Testimony commonly has an impermissible hearsay aspect as well as a
permissible nonhearsay aspect. Id. at 114. In this case, the nonhearsay aspect was
to inform the jury how appellant became a suspect, and what factors lead to
identifying appellant, pulling her car over, and searching the car. The hearsay aspect
suggested that appellant possessed cocaine. However, the evidence already showed
that appellant possessed cocaine. Furthermore, without the testimony of the
information Officer Walker had received, the jury would have been deprived of an
understanding of the events leading up to appellant’s arrest. We hold that the trial
court did not abuse its discretion in allowing Officer Walker to testify about the
information he had received from the confidential informant.
          We overrule appellant’s third point of error.
Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Taft, Higley, and Bland.

Publish. See Tex. R. App. P. 47.2(b).