Affirmed and Memorandum Opinion filed January 7, 2010.



 



 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00140-CR



 

Andrew Jamon Session, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 209th
District Court

Harris County, Texas

Trial Court Cause No. 1064056



 

MEMORANDUM  OPINION

 

Appellant Andrew Jamon Session appeals his conviction
for aggravated robbery challenging the trial court’s ruling on his hearsay
objection.  We affirm.

On April 4, 2006, Alvaneeta Nelson was working at
Advance America Cash Advance when two men came into the store and pointed a gun
in her face.  The man pointing the gun at her told her to step away from the
desk while a second man jumped over the counter.  A third man entered the store
and locked the door.  All three men had guns.  The men took Nelson to the back
of the store, forced her to lie down on the ground and took the money from the
safe.  Approximately five to ten minutes after the men left the store, Nelson
stood up and pressed the alarm button to summon the police.  The three men were
apprehended while robbing another store that morning.  Nelson went to the
second store and identified appellant as one of the three men who robbed the
store.  

Officer Alberto Garcia of the Houston Police
Department was patrolling the area on the day of the robbery when he received a
dispatch about a suspicious vehicle in the area.  He observed the vehicle and
noticed there were four men inside the vehicle.  He followed them until they
parked their car in front of a check-cashing store.  He testified that three of
the men went into the store while the fourth man appeared to act as a
“look-out.”  Believing the men were robbing the store, Officer Garcia called
for backup, which arrived after the four men had exited the store and were back
in the car.  Nelson identified the men as those who had robbed the previous
store, and the men were arrested.  Appellant was convicted of aggravated
robbery and sentenced to 40 years’ confinement in the Institutional Division of
the Texas Department of Criminal Justice.

In a single issue, appellant argues the State
impermissibly offered hearsay evidence when it questioned Officer Garcia.  With
regard to the dispatch call about the suspicious vehicle, Officer Garcia
testified as follows:

Q.  Do you recall receiving a dispatch of a suspicious
vehicle on that particular day?

 

A.  Yes, I did.

 

Q.  What type of vehicle were you looking for?

 

MR. DENNINGER [defense counsel]:  Calls for hearsay.

 

THE COURT:  Let’s rephrase it, please.

 

[By the prosecutor:]  Were you looking for a particular
vehicle, “yes” or “no”?

 

THE WITNESS:  Yes.

 

THE COURT:  You may proceed.

 

Q.  Were you looking for a particular vehicle?

 

A.  Yes.

 

Q.  What type of vehicle were you looking for?

 

MR. DENNINGER:  Your Honor, that calls for hearsay.

 

THE COURT:  The Court is going to let it in.  It has to be
put in proper context.  Overruled.

You may proceed.

But let’s stay away from as much hearsay as possible
because you are going to get this every single time.

You may proceed.

 

Q.  What type of vehicle were you looking for?

 

A.  A gold four-door Impala.

 

Appellant argues that Officer Garcia’s testimony
about the type of vehicle they were looking for is inadmissible hearsay.  A
trial court’s decision to admit or exclude evidence is reviewed under an abuse
of discretion standard.  Torres v. State, 71 S.W.3d 758, 760 (Tex. Crim.
App. 2002).  An appellate court will not reverse a trial court’s ruling unless
that ruling falls outside the zone of reasonable disagreement.  Id.

Hearsay is a statement, other than one made by the
declarant while testifying at trial, that is offered to prove the truth of the
matter asserted.  Tex. R. Evid. 801(d).  An extrajudicial statement or writing
that is offered for the purpose of showing what was said rather than for
proving the truth of the matter asserted does not constitute hearsay.  Dinkins
v. State, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995); Scott v. State,
222 S.W.3d 820, 831 (Tex. App.—Houston [14th Dist.] 2007, no pet.).  An officer
is permitted to testify to information upon which he acted.  Schaffer v.
State, 777 S.W.2d 111, 114 (Tex. Crim. App. 1989) (“Almost always it will
be relevant for a testifying officer to relate how she happened upon the scene
of a crime or accident[.]”); see also Parker v. State, 192 S.W.3d 801,
807 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  

Officer Garcia testified that he received a dispatch
of a suspicious vehicle described as a gold four-door Impala.  He saw the
vehicle, followed it, and observed the driver park outside of a check-cashing
establishment.  Officer Garcia’s testimony about the type of car he had been
told to look for is not hearsay.  It is not hearsay to inform the jury the
factors that lead to the identification of the defendant, i.e., following the
car.  Therefore, the trial court did not abuse its discretion in overruling
appellant’s objection.  We overrule appellant’s sole issue.

The judgment of the trial court is affirmed.

                                                                                    PER
CURIAM

 

 

 

Panel consists of Justices Yates, Seymore,
and Brown.

Do
Not Publish — Tex. R. App. P. 47.2(b).