Opinion issued
June 10, 2010








 

 














 

 

 

 

 

 

 

   

  

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01–09–00857–CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



DERRICK EUGENE McCOWAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 



On Appeal from the 179th District Court

Harris County, Texas

Trial Court Cause No. 1174635

 

          

MEMORANDUM OPINION

 

          A
jury found appellant, Derrick Eugene McCowan, guilty of the first-degree-felony
offense of possession with intent to deliver a controlled substance, weighing four
or more grams but less than two hundred grams. 
See Tex. Health &
Safety Code Ann. §§ 481.102, 481.112(d) (Vernon Supp. 2009).  The jury assessed punishment at 15 years’
confinement.  The trial court entered an
affirmative finding on the use or exhibition of a deadly weapon.

          In his sole issue, appellant challenges
the legal sufficiency of the evidence to support his conviction.

          We affirm.

Background

          On July 14, 2008, Officer J. Castro
and J. Zielonka of the Houston Police Department (HPD) were on patrol when they
saw two men standing in a driveway behind a house located at 3207 Lee Street.  Officer Castro testified that, from his prior
training and experience, he recognized that the men were conducting a
“hand-to-hand” transaction, that is, an exchange of money for drugs.  Officer Castro testified that the area was a well-known
haven for narcotics sales and that he recognized one of the men as Willy Sims,
a known drug user, and the other as appellant.

 

          Officer Castro testified that he
stopped the patrol car, that he and Officer Zielonka stepped out, and that
appellant turned and began walking toward the house.  Officer Castro said, “Police, stop!”  Sims obeyed and remained with Officer
Zielonka.  Appellant began to run.  

Officer Castro chased appellant inside the back door of the house, through
the kitchen, and into the living room, where appellant got down onto the floor
and Officer Castro apprehended him.  After
securing Sims, Officer Zielonka ran into the house to assist.  Both officers testified that they saw on the
living room table two scales, a plate, a razor blade, a roll of money, a
semi-automatic pistol and ammunition, several clear baggies of marijuana, and a
plastic container of a rock-like substance packaged in colored baggies.  Officer Castro testified that there were 91
baggies of marijuana and that the rock-like substance field-tested positive for
cocaine.  

          Officer Castro testified that, while
performing a protective sweep of the house, he saw a picture of appellant on
the wall of a bedroom.  The picture was
admitted into evidence without objection. 
Officer Castro also saw letters addressed to appellant and appellant’s
birth certificate.  The letters were not
admitted into evidence, but the defense stipulated that there were letters
addressed to appellant.  Appellant’s
birth certificate was admitted.  There
was nobody else in the house.

Officer Castro found a cellular telephone and a set of keys on
appellant’s person.  As they were leaving
the house, appellant asked, “Can you lock my house for me?”  Officer Castro locked the back door with one
of appellant’s keys.

A neighbor, Patricia Cole, testified that she had known appellant for 20
years and that she had never known him to live at 3207 Lee Street.  She also testified that she did not know who
lived at the house and that people were always coming and going.

          Appellant’s girlfriend, Ashley Jacobs,
testified that she had been staying at the house with appellant for two days
prior to the incident at issue.  She
testified that, on the night of the incident, she had seen crack cocaine and a
small plate of powder cocaine on the table. 
She said that she heard the police knocking at the front door and that she
ran out the back door.  She testified that
there had been two other men there and that they ran out with her, but that
appellant had stayed behind.  Jacobs said
that the pistol recovered from the table in the living room belonged to her,
but that she did not know who owned the house. 

A. Barker, of the HPD crime lab, testified that the baggies recovered
from the scene contained cocaine weighing 4.6 grams. 

 

 

Legal Sufficiency

          Appellant contends that the evidence is
legally insufficient to support his conviction and asks this court to render
judgment that he be acquitted. 
Specifically, appellant contends that the State failed to offer legally
sufficient evidence that he possessed the cocaine.

A.      Standards
of Review and Applicable Legal Principles

          We review the legal sufficiency of the
evidence by considering all of the evidence in the light most favorable to the
verdict to determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Williams v.
State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007); Parker v. State,
192 S.W.3d 801, 804 (Tex. App.—Houston [1st Dist.] 2006, pet. ref’d).  We “may not re-evaluate the weight and
credibility of the record evidence and thereby substitute our judgment for that
of the fact-finder.” Williams, 235 S.W.3d at 750.  We give deference to the responsibility of
the trier of fact to fairly resolve conflicts in testimony, to weigh the
evidence, and to draw reasonable inferences from basic facts to ultimate facts.
Id. Our duty is to ensure that the evidence presented actually supports
a conclusion that the defendant committed the offense. Id. 

 

          A person commits the offense of
possession of a controlled substance, namely cocaine, weighing at least 4 grams
but less than 200 grams, if he intentionally or knowingly possesses the
controlled substance in the prescribed amount, by aggregate weight, including
adulterants or dilutants.  See Tex. Health & Safety Code Ann. §§
481.102, 481.112(d).  To prove unlawful
possession of a controlled substance, the State must prove that (1) the accused
exercised control, management, or care over the substance and (2) the accused
knew the matter possessed was contraband. 
Poindexter v. State, 153
S.W.3d 402, 405 (Tex. Crim. App. 2005); see
Tex. Health & Safety Code Ann.
§ 481.002(38) (Vernon Supp. 2009).  When
determining whether the defendant knew that he possessed narcotics, the jury is
allowed to infer the defendant’s knowledge from his acts, conduct, remarks, and
from the surrounding circumstances.  Krause v. State, 243 S.W.3d 95, 111
(Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).

          If a defendant was not in exclusive
possession of the place where the contraband is found, then additional
independent facts and circumstances must affirmatively link the defendant to
the contraband in such a way that it can be concluded that he had knowledge of
the contraband and exercised control over it. 
Roberson v. State, 80 S.W.3d
730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d).  An affirmative link is one that generates a
reasonable inference that the defendant knew of the contraband’s existence and
exercised control over it.  Id.  Proof
of an affirmative link between the defendant and the contraband is primarily
needed to establish intent or knowledge. 
Id.  Whether this evidence is direct or
circumstantial, it must establish, to the requisite level of confidence, that
the defendant’s connection with the drug was more than simply fortuitous.  Poindexter,
153 S.W.3d at 405-06.

          Possible links include, but are not
limited to, the following: (1) whether the defendant was present when the drugs
were found; (2) whether the drugs were in plain view; (3) the defendant’s
proximity to and the accessibility of the drugs; (4) whether the defendant was
under the influence of drugs; (5) whether the defendant possessed other
contraband or drugs when arrested; (6) whether the defendant made any incriminating
statements when arrested; (7) whether the defendant attempted to flee; (8)
whether the defendant made furtive gestures; (9) whether there was an odor of
drugs; (10) whether other contraband or other drug paraphernalia was present;
(11) whether the defendant owned or had the right to possess the place where
the drugs were found; (12) whether the place the drugs were found was enclosed;
(13) whether the defendant was found with a large amount of cash; and (14)
whether the conduct of the defendant indicated a consciousness of guilt.  Evans
v. State, 202 S.W.3d 158, 162 & n.12 (Tex. Crim. App. 2006); Beall v. State, 237 S.W.3d 841, 850
(Tex. App.—Fort Worth 2007, no pet.).

           In determining whether the evidence is
sufficient to link a defendant to contraband, the factfinder is the exclusive
judge of the credibility of the witnesses and the weight to be given to their
testimony.  Poindexter, 153 S.W.3d at 406. 
No formula of facts exists to dictate a finding of links sufficient to
support an inference of knowing possession. 
See Taylor v. State, 106
S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.).  It is the logical force of the evidence, and
not the number of links, that supports a factfinder’s verdict.  Evans,
202 S.W.3d at 166.

B.      Analysis

          Appellant contends that the State
failed to affirmatively link him to the cocaine found on the living room table.
 Appellant points out that no contraband
or money was found on either of the men and that appellant was never
established as the owner of the residence.

The State presented evidence of the following links between appellant and
the cocaine: Officers Castro and Zielonka witnessed appellant conducting a drug
transaction in the driveway of the house; appellant attempted to flee;
appellant ran into the house and into the living room; the cocaine was found on
a table in the living room in plain view, separated into color-coded baggies;
91 bags of marijuana, 2 scales, a plate, a razor blade, a roll of money, a
pistol and ammunition were also found in plain view on the same table; Jacobs
testified that the pistol found on the living room table belonged to her, that
she often visited appellant at the house, and that she had been staying there
with him on the night of the incident; Officer Castro testified that, in one of
the bedrooms, he found a picture of appellant taped to the wall, letters to
appellant, and appellant’s birth certificate; and, as they were leaving the
house, appellant asked Officer Castro, “Can you lock my house for me?” and
Officer Castro successfully locked the back door with one of appellant’s keys.

          This evidence, when viewed in
combination, constitutes amply sufficient evidence to connect appellant to the
actual care, custody, control, or management of the cocaine such that a jury
could reasonably infer that appellant possessed it.  See
Evans, 202 S.W.3d at 166.  Appellant
directs us to the testimony of Patricia Cole, a neighbor, who said that she has
known appellant for 20 years and did not know him to live at the house.  Cole also testified that she did not know who
lived at the house and that a number of people were always coming and going.  The factfinder is the exclusive judge of the
credibility of the witnesses and the weight to be given to their
testimony.  Poindexter, 153 S.W.3d at 406. 
Although appellant points out factors on which the State failed to
present evidence and points to other evidence that weighs in his favor, we
consider “the logical force of the circumstantial evidence, not the number of
links, that support[] [the] jury’s verdict.” 
See Evans, 202 S.W.3d at
166.  We hold that the evidence is
legally sufficient to support the conviction.

          Accordingly, we overrule appellant’s sole
issue.








Conclusion

 

       We affirm
the judgment of the trial court.

 

 

 

                                                       Laura
Carter Higley

                                                       Justice

                                    

 

Panel consists of Justices Keyes,
Hanks, and Higley.

Do not publish.  Tex.
R. App. P. 47.2(b).