**Affirm and Opinion Filed March 27, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01694-CR

**FRANCISCO ALVAREZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0973175-P**

## MEMORANDUM OPINION

Before Justices Moseley, Bridges, and Evans
Opinion by Justice Bridges

Francisco Alvarez appeals his conviction of failing to register as a sex offender. A jury convicted appellant and sentenced him to twelve years' confinement. In a single issue, appellant argues the trial court erred in admitting certain testimony. We affirm the trial court's judgment.

In December 2009, a warrant issued for appellant's arrest on a charge of failure to comply with his sex offender registration requirement. The warrant alleged a prior conviction for indecency with a child by contact in March 1996 and two prior convictions for failure to comply with sex offender registration requirements, both resulting in jail time. The warrant alleged appellant was required to register as a sex offender in May 2009 but failed to register. Appellant was subsequently indicted for failing to comply with sex offender registration requirements. Prior to trial, the State gave appellant notice it intended to introduce evidence of

prior convictions for DWI, theft by check, indecency with a child by contact, and failure to register as a sex offender.

At trial, Dallas police detective Lori Tittle testified she was assigned to the Sex Offender Apprehension Program, which handled cases involving sex offenders "not living at their address." Over appellant's hearsay objection, Tittle testified she was contacted by Detective Nunn who had been contacted by a constable attempting to serve appellant with some paperwork at appellant's registered address. The constable was unable to find appellant at his registered address for more than a year. Nunn checked into the matter, realized appellant was six months late on his sex offender registration, and referred the matter to Tittle. Tittle checked the national sex offender database to make sure appellant had not registered with another agency. Tittle also checked with the Dallas Police Department but could find no information indicating appellant had registered anywhere else. On November 30, 2009, Tittle spoke to appellant on the telephone, and appellant said he was in San Antonio visiting his mother. Appellant "basically didn't have a reason for why he had not updated his sex offender registration." Appellant seemed "pretty aware of the procedure for registering," and he did register on December 8, 2009. However, that date was outside the "allowable registration time line." A jury convicted appellant of failing to register as a sex offender, and this appeal followed.

In a single issue, appellant argues the trial court erred in admitting hearsay evidence that appellant was not living at the address for which he was registered. We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement. *Id.* Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). An extrajudicial statement or

writing which is offered for the purpose of showing *what* was said rather than for the *truth* of the matter stated therein does not constitute hearsay. *Dinkins v. State*, 894 S.W.2d 330, 347 (Tex. Crim. App. 1995). Police officers may testify to explain how an investigation began and how a defendant became a suspect. *Lee v. State*, 29 S.W.3d 570, 577 (Tex. App.—Dallas 2000, no pet.) (detective's testimony his investigation of appellant resulted from interview with third party not hearsay).

Appellant concedes "a police officer's testimony about *how* a defendant became a suspect, as it is not offered to prove the truth of the matter asserted, does not constitute inadmissible hearsay," citing *Parker v. State*, 192 S.W.3d 801 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). However, appellant argues, "the State, after initially eliciting testimony that Alvarez did not live at home under the pretenses of establishing how the detective became aware Alvarez, [sic] later introduced it in an effort to show that Alvarez in fact did not live there." In making this argument, appellant cites the record containing his testimony at the punishment phase of trial. The prosecutor, during cross-examination, asked appellant about his absences from his registered residence, stating "we heard testimony that when this deputy was trying to find you for a long time and kept going back to that address and could never find you. In fact, it appeared that your house that you were registered at was vacant." Appellant's counsel objected, "I don't remember that from the testimony." When asked by the trial court for a legal objection, counsel stated, "That it's a misstatement of the facts, Your Honor." The trial court overruled the objection.

As appellant concedes, Tittle's testimony concerning Nunn's statements was not hearsay because it was offered to show how appellant's failure to register came to light, not for the truth of the matter asserted. *See Parker*, 192 S.W.3d at 807. Appellant has cited no authority for the proposition that such testimony concerning an investigation is transmuted into hearsay by

–3–

subsequent reference to the testimony during cross-examination of a defendant testifying at punishment.  Further, appellant did not raise a hearsay objection at trial, instead objecting to "a misstatement of facts."  Thus, to the extent he complains about the hearsay content of the State's cross-examination at punishment, he has not preserved this error for our review.  *See* TEX. R. APP. P. 33.1(a)(1).  We overrule appellant's sole issue.

We affirm the trial court's judgment.


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121694F.U05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

FRANCISCO ALVAREZ, Appellant

No. 05-12-01694-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-0973175-P.
Opinion delivered by Justice Bridges.
Justices Moseley and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered March 27, 2014


/David L. Bridges/
DAVID L. BRIDGES
JUSTICE