**AFFIRM; and Opinion Filed April 22, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-14-00096-CR

**MILFORD EUGENE STEELE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1262101-H**

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

Appellant Milford Eugene Steele appeals his conviction for the offense of possession with intent to deliver cocaine in an amount of four grams or more but less than 200 grams. A jury found him guilty, and trial court assessed his punishment, enhanced by a prior felony conviction, at fifteen years' confinement. In a single issue on appeal, appellant contends the evidence is insufficient to establish he possessed the cocaine. We affirm the trial court's judgment.

At about 10 p.m. on the night of November 3, 2012, Dallas Police Officers Joshua Shipp and Jeremy Pulliam parked two blocks away from a small apartment complex in a high-crime/high-drug neighborhood in Southeast Dallas. Within a ten to fifteen-minute period, they observed a lot of people walking to and from the apartment complex. They decided to do a walk-through of the complex.

Officer Shipp testified that he walked past apartment 102 and could see into it. It had a burglar-bar door that was closed, but the interior door was open. He saw the apartment owner, Alonzie Hicks, with whom he had had previous contact, sitting on a couch. He also saw appellant sitting next to Hicks on the couch, closest to the door. Appellant was about five feet away from Shipp. Shipp saw a bag of white powder he believed to be cocaine sitting on the armrest of the couch. Appellant and Hicks were using razor blades to break down a large white substance into smaller amounts. Shipp testified that it looked like they were preparing small baggies for sale. Shipp asked them what was going on. He then saw appellant remove the bag of cocaine and place it out of view on the other arm of the couch. When Hicks reached down for something Shipp could not see, the officers started to enter the apartment. Hicks said, "You can't be in my house." Shipp and Pulliam told the men to "Get their hands up," and they removed Hicks from the apartment. While the officers were attempting to get Hicks under control, Hicks yelled to appellant, "Close my door. Get rid of the shit." Appellant slammed the apartment door shut.

After waiting about fifteen minutes for another officer to arrive with a ballistic shield for protection, Shipp and Pulliam reentered the apartment with two other officers. Officer Shipp saw appellant coming from the rest room. Appellant was handcuffed and passed off to other officers outside the apartment. Shipp saw razor blades and residue in the kitchen, as well as pipes for smoking crack cocaine, but did not see the smaller baggies of suspected cocaine he had seen appellant and Hicks filling earlier. Shipp went into the bathroom he had seen appellant exit. The toilet was still cycling. Shipp was concerned the drugs had been flushed down the toilet.

Sergeant James Shirley, who participated in the sweep of the apartment, testified that he also went into the bathroom. The toilet was running, and it looked like some small baggies had been ripped open. In the sink, which was wet, on the rim of the drain, he saw a white rock-like

substance that appeared to be cocaine. He believed someone had attempted to flush the cocaine down the toilet, but the substance didn't go down the toilet, and so someone attempted to put it down the sink.

Officer Bernardino Ledezma was outside with appellant while the other officers were inside the apartment. Appellant told Ledezma that he didn't live at the apartment. He denied that the drugs were his and denied flushing anything down the toilet. Appellant told Ledezma the drugs were underneath a couch. Officer Ledezma relayed this information to Officer Pulliam. When police looked under a couch that was across the room from the couch on which Shipp had first seen appellant, they found the large bag of white powder Shipp had seen earlier. Police did not recover the smaller baggies Shipp had observed through the front door.

The defense called Officer Pulliam as a witness. He testified that when he went through the apartment bathroom, he didn't see anything in the toilet, but saw baggies in the sink. No one collected the baggies. Pulliam testified that appellant followed instructions from Hicks and they were working together.

Appellant contends the evidence is insufficient to show his possession of the cocaine because there is no affirmative link between him and the cocaine. He argues that he was convicted due to his mere presence in the apartment where the cocaine was found, which he did not own or live in. He also argues that he was convicted based on the perception that he followed Hicks's order to destroy the drugs, when the evidence showed he did not destroy them.

In deciding whether evidence is sufficient to support a conviction, we must assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the offense beyond a reasonable doubt. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005). To establish unlawful possession of a controlled substance with intent to deliver, the State must prove the defendant exercised custody, control,

management, or care over the substance, intended to deliver it to another, and knew the substance possessed was contraband. *Parker v. State*, 192 S.W.3d 801, 805 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *see* TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(38), 481.112(a) (West 2010 & Supp. 2014); *Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011); *Poindexter*, 153 S.W.3d at 405. Whether the evidence of possession is direct or circumstantial, it must establish that the accused's connection with the drug was more than just fortuitous. *Poindexter*, 153 S.W.3d at 405–06. The "affirmative links rule" is designed to protect the innocent bystander from a conviction based solely on his fortuitous proximity to someone else's drugs. *Id.* at 406. Thus, when an accused is not in exclusive possession of the place where the substance is found, it cannot be concluded he had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link him to the contraband. *Id.*

Although appellant was not in exclusive possession of the apartment, which apparently belonged to Hicks, this is not a case where appellant's connection with the drugs was merely fortuitous. Appellant overlooks the fact that Officer Shipp saw him handling the cocaine when he first looked into the apartment. Shipp actually saw appellant dividing it and packaging it into smaller quantities. Further, when Shipp made his presence known, he saw appellant move the bag of cocaine out of view. In addition, the circumstantial evidence showed appellant continued to exercise care, custody, and control over the cocaine after he shut the apartment door. During the time appellant was alone in the apartment when police were waiting for the shield, the large bag of cocaine was moved. And the evidence suggested appellant destroyed the drugs in small baggies in the bathroom. We conclude a rational trier of fact could have found beyond a reasonable doubt that appellant exercised control, management, or care over the cocaine. Appellant's issue is overruled.

–4–

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

140096F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MILFORD EUGENE STEELE, Appellant

No. 05-14-00096-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F-1262101-H.
Opinion delivered by Justice Brown. Justices Lang and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 22nd day of April, 2015.