ACCEPTED
02-17-00174-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
12/21/2017 3:33 PM
DEBRA SPISAK
CLERK

COURT OF APPEALS NO. 02-17-00174-CR
TRIAL COURT NO. 2016-0197M-CR

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
12/21/2017 3:33:29 PM
DEBRA SPISAK
Clerk

IN THE COURT OF APPEALS
FOR THE SECOND DISTRICT OF TEXAS

REBECCA PLUMLEE, APPELLANT

vs.

THE STATE OF TEXAS, APPELLEE

BRIEF OF APPELLEE THE STATE OF TEXAS

APPEAL FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY, TEXAS,
THE HON. JACK A. MCGAUGHEY, PRESIDING

Casey Polhemus
District Attorney
State Bar No. 24077936
97th District Attorney's Office
P.O. Box 55
Montague, Texas 76251
Tel. (940) 894-6211
Fax (940) 894-6203
Casey.Polhemus@co.montague.tx.us

NO ORAL ARGUMENT IS REQUESTED

1

# TABLE OF CONTENTS

**INDEX OF AUTHORITIES**......................................................................3

**STATEMENT REGARDING ORAL ARGUMENT**.............................4

**STATEMENT OF FACTS**.......................................................................4

**SUMMARY OF THE ARGUMENT** ......................................................8

**ARGUMENT**..........................................................................................11

**I.   Even though the State did not allege and was not required to prove the penalty group of methamphetamine, the evidence is nevertheless sufficient that methamphetamine was a penalty group 1 substance at the time of Appellant's arrest**......................................................................................11

   *A.   The State did not allege and was not required to prove the penalty group. Rather, once the State proved that meth was the substance possessed, it became the judge's job to apply the law to the facts in the jury charge.*........................11

   *B.   Officer Stone placed Appellant under arrest for possession of a controlled substance in penalty group 1 and noted the items seized were "methamphetamines."* ...................................................................13

   *C.   The forensic scientist's testimony about the penalty group was connected to the offense date in this case.* ..............................................................13

**II.   Viewed in the light most favorable to the verdict, the evidence sufficiently established Appellant knowingly possessed methamphetamine. ..15**

**CONCLUSION**.......................................................................................18

**PRAYER** ...............................................................................................19

**CERTIFICATE OF SERVICE** ..........................................................20

**CERTIFICATE OF COMPLIANCE** .................................................20

# INDEX OF AUTHORITIES

**Cases**

*Doyle v. State,* 631 S.W.2d 732,736 (Tex. Crim. App. 1982). .......................... 11, 12

*Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). ...................................15

*Jones v. State*, 944 S.W.2d 642,647 (Tex. Crim. App. 1996). ................................16

*Parker v. State*, 192 S.W.3d 801,804 (Tex.App.—Houston [1st Dist.] 2006, pet.

  ref'd). ............................................................................................... 14, 17

*Rodriguez v. State*, 799 S.W.2d 301,303 (Tex. Crim. App. 1990). ..........................12

**NO. 02-17-00174-CR**

**IN THE COURT OF APPEALS**
**FOR THE SECOND DISTRICT OF TEXAS**

**REBECCA PLUMLEE, Appellant**
**vs.**
**THE STATE OF TEXAS, Appellee**

---

### BRIEF OF APPELLEE THE STATE OF TEXAS

---

To the Honorable Justices of the Second Court of Appeals:

Comes Now, The State of Texas ("State"), Appellee, and files this Brief of Appellee, respectfully requesting that this Court uphold the conviction and sentence rendered in Cause No. 2016-0197M-CR in the 97th Judicial District Court of Montague County, Honorable Jack A. McGaughey, Judge Presiding.

### STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

### STATEMENT OF FACTS

Mark Breeding arrived for work at the Enterprise truck yard in Bowie at 3:30 on the morning of July 8, 2014.[1] Breeding had parked with his pickup facing an 18-wheeler, and had left the doors to his truck open.[2] Breeding was startled when he saw Appellant, wearing only panties and her bra, and two men standing on the

---

[1] Jury Trial Tr. 3: 17, May 31, 2017.
[2] Jury Trial Tr. 3: 21.

driver's side of his truck.[3] The trio wanted to borrow Breeding's truck to get water, and Breeding noticed that one of the three had a large Bowie knife.[4] Breeding testified that he was scared because he was alone with the three, and they appeared to be "on something:" their eyes were bloodshot, and they weren't acting right.[5] Breeding also noticed that Appellant was acting out of sorts.[6]

Eventually, another driver showed up at the truck yard.[7] They became argumentative when the other driver told the three to leave, so he called 911.[8] When Officer Cody Stone with the Bowie Police Department arrived, he was concerned for his safety.[9] Officer Stone was advised by another officer that a large knife had been taken off of one of the male suspects, and he did not know if one of the three had another concealed weapon.[10] When asked, Appellant gave Officer Stone verbal consent to search her person.[11] Appellant was in possession of her purse when she consented to the search.[12] Appellant never withdrew her consent when Officer Stone began to search her purse.[13] Furthermore, no objection was lodged at trial to the

---

[3] Jury Trial Tr. 3: 22-23.
[4] Jury Trial Tr. 3: 24-25.
[5] Jury Trial Tr. 3: 25-26.
[6] *Id.*
[7] *Id.*
[8] Jury Trial Tr. 3: 26-27.
[9] Jury Trial Tr. 3: 33-40.
[10] Jury Trial Tr. 3: 39-40.
[11] Jury Trial Tr. 3: 41.
[12] *Id.*
[13] Jury Trial Tr. 3: 42.

search of Appellant's purse.[14] Officer Stone found a plastic baggie that commonly holds methamphetamine in a zipper-pocket of Appellant's purse.[15] Officer Stone also found a Halls cough drop wrapper that appeared to have possible narcotics in it.[16] While Appellant denied that the drugs found in the purse were hers, she never denied that it was her purse.[17] Officer Stone testified that it was common for an offender who has something illegal to consent to a search, and that it is also a common excuse for a suspect to say "That's not mine!" when found in possession of an illegal substance.[18]

After locating the suspected narcotics, Officer Stone placed Appellant under arrest for possession of a controlled substance in penalty group 1.[19] When Appellant was booked-in, she had dark circles under her eyes, a glassy look, and dilated pupils, which Officer Stone identified as common signs that someone has used methamphetamine.[20] Additionally, Officer Stone's notes on the packaging of the drugs indicated "two small packages of methamphetamines found in suspect's purse."[21] William Todsen, a forensic scientist with the DPS Crime Lab in Abilene, testified that the items retrieved from Appellant's purse contained 1.57 grams of

---

[14] Jury Trial Tr. 3: 75.
[15] Jury Trial Tr. 3: 45.
[16] Jury Trial Tr. 3: 43.
[17] Jury Trial Tr. 3: 45.
[18] *Id.*
[19] Jury Trial Tr. 3: 47.
[20] Jury Trial Tr. 3: 51.
[21] Jury Trial Tr. 3: 53; State's Ex. 11.

methamphetamine.[22] Todsen also testified that methamphetamine is a controlled substance in penalty group 1.[23] Todsen's lab report reflected the offense date of July 8, 2014.[24]

Appellant testified and offered up a bizarre story about how she was kicked out of a party.[25] Appellant could not really explain why she wound up at the Enterprise truck yard in the middle of the night.[26] She claimed she did not know much about the two men that she was with, but that she had just followed them when she was trying to get to her step-mother's house after being kicked out.[27] Appellant admitted other people at the party were using drugs, but she claimed she had not been using drugs.[28] Appellant admitted the purse where the methamphetamine was found was her purse, but, she claimed that she had been separated from her purse at the party and denied any knowledge of the methamphetamine that was later found in the purse by Officer Stone.[29]

---

[22] Jury Trial Tr. 3: 75.
[23] Jury Trial Tr. 3: 77.
[24] Jury Trial Tr. 3: 78-80; State's Ex. 15.
[25] Jury Trial Tr. 3: 88-89.
[26] Jury Trial Tr. 3: 94-96.
[27] Jury Trial Tr. 3: 96.
[28] Jury Trial Tr. 3: 95.
[29] Jury Trial Tr. 3: 89-90, 105.

The State impeached Appellant's credibility with her previous felony convictions for possession of a controlled substance, fraud, and obtaining a controlled substance by fraud.[30]

## SUMMARY OF THE ARGUMENT

Appellant confuses the judge's job with the State's job: it is the judge who must apply the law to the facts and properly charge the jury. In the indictment, the State never alleged (nor was required to allege) that methamphetamine was in penalty group 1. Appellant never filed any legal objection to the indictment and has, therefore, waived any complaint about the indictment.

The State proved that Appellant possessed methamphetamine on July 8, 2014, as alleged in the indictment. It was the judge's job to properly charge the jury on the law concerning possession of methamphetamine on July 8, 2014. The judge fulfilled his job and properly applied the law to the facts in the court's charge. Thus, the State was not required to prove the specific penalty group for methamphetamine; rather, once the State proved methamphetamine possession on a specific date, then it was the judge's role to apply the law to the facts for the jury. Appellant confuses these roles when she argues the State had a duty to prove the specific penalty group when it was not alleged in the indictment. As the State had no legal duty to prove up the

---

[30] Jury Trial Tr. 3: 101-04; State's Ex. 16, 17, 18.

8

penalty group when no specific group had been alleged, Appellant's first point should be overruled.

While not required, there is sufficient evidence that methamphetamine was a penalty group 1 substance at the time of Appellant's arrest. The record is clear that Officer Stone placed Appellant under arrest for possession of a controlled substance in penalty group 1. Officer Stone noted on the packaging that the items contained "two small packages of methamphetamines found in suspect's purse." William Todsen, the forensic scientist, testified that the items contained methamphetamine. Todsen's lab report, which was admitted, reflected the items contained 1.57 grams of methamphetamine, and noted an offense date of July 8, 2014. Todsen additionally testified that methamphetamine is a controlled substance in penalty group 1.

Appellant advances a construction that takes the forensic scientist's testimony completely out of context and argues that his "answers were entirely in the present tense" so that he only established methamphetamine was in penalty group 1 the day he testified, but was silent as to the time of the arrest. This artificial construction ignores the fact that Todsen's report notes the offense date of July 8, 2014. It also ignores the context of Todsen's testimony: he was called to testify about the methamphetamine he tested that was possessed by Appellant on July 8, 2014. Common sense dictates that Todsen's testimony is logically associated with the offense date and lab report in this case.

9

Both the testimony of Officer Stone and Mr. Todsen, therefore, provided sufficient evidence that the methamphetamine found in Appellant's purse was in penalty group 1.

Viewed in the light most favorable to the verdict, the evidence also established Appellant knowingly possessed the methamphetamine: Appellant admitted the purse containing the methamphetamine was hers, Appellant exhibited symptoms of being high on drugs at the time she possessed the purse with the methamphetamine, and the jury rejected Appellant's story and explanation for how the methamphetamine could have come to be in her purse.

First, the purse containing the methamphetamine was under the exclusive possession and control of Appellant when Officer Stone found the methamphetamine. Second, on the stand, Appellant conceded the purse where the methamphetamine was found was her purse. Appellant's own testimony established her custody of the purse that contained the methamphetamine. So, this was not a situation where methamphetamine is found in a common room where multiple people had access; rather, the methamphetamine was found in the intimate, closed container of Appellant's purse. A Texas appellate court has found similar facts to be legally sufficient to establish knowing possession. Third, the jury, as the fact-finder, is the exclusive judge of the credibility of the witnesses. While the jury could have accepted Appellant's story about how she was separated from her purse at the party,

by their guilty verdict, the jury clearly rejected Appellant's story about being separated from her purse earlier in the evening. Finally, Appellant exhibited signs of being under the influence of a controlled substance, like methamphetamine, at the time she was found in possession of the purse with the methamphetamine. Appellant conceded she had been at a party where people were doing drugs. These facts further supported the jury's conclusion that Appellant was knowingly in possession of methamphetamine.

## ARGUMENT

I. **Even though the State did not allege and was not required to prove the penalty group of methamphetamine, the evidence is nevertheless sufficient that methamphetamine was a penalty group 1 substance at the time of Appellant's arrest.**

A. **The State did not allege and was not required to prove the penalty group. Rather, once the State proved that meth was the substance possessed, it became the judge's job to apply the law to the facts in the jury charge.**

Appellant confuses the judge's job with the State's job: it is the judge who must apply the law to the facts and properly charge the jury.[31] In the indictment, the State never alleged that methamphetamine was in penalty group 1.[32] Appellant never

---

[31] *See Doyle v. State,* 631 S.W.2d 732,736 (Tex. Crim. App. 1982).
[32] Jury Trial Tr. 2: 88, May 30, 2017.

11

filed any legal objection to the indictment and has, therefore, waived any complaint about the indictment.[33]

The State proved that Appellant possessed methamphetamine on July 8, 2014, as alleged in the indictment.[34] It was the judge's job to properly charge the jury on the law concerning possession of methamphetamine on July 8, 2014.[35] The judge fulfilled his job and properly applied the law to the facts in the court's charge.[36] Thus, the State was not required to prove the specific penalty group for methamphetamine; rather, once the State proved that Appellant possessed methamphetamine on a certain date, then it was the judge's role to apply the law to the facts for the jury in the court's charge. Appellant confuses these roles when she argues the State had a duty to prove the specific penalty group when it was not alleged in the indictment, arguing that the State must prove the law on the date of the offense. Rather, the State must prove the facts, and then the judge must charge the jury on the law on that date.[37] As the State had no legal duty to prove up the penalty group when no specific group had been alleged, Appellant's first point should be overruled.

---

[33] Jury Trial Tr. 2: 5; *see, e.g., Rodriguez v. State*, 799 S.W.2d 301,303 (Tex. Crim. App. 1990) (holding that a defendant waives any complaint about an indictment if he fails to object before the date of trial).

[34] Jury Trial Tr. 3: 45-53; 75-80; 91-92; 105, May 31, 2017.

[35] *See Doyle,* 631 S.W.2d at 736.

[36] Jury Trial Tr. 3: 111-117.

[37] *See Doyle,* 631 S.W.2d at 736.

12

**B.     Officer Stone placed Appellant under arrest for possession of a controlled substance in penalty group 1 and noted the items seized were "methamphetamines."**

Officer Stone testified that he placed Appellant under arrest for possession of a controlled substance in penalty group 1.[38] When Officer Stone packaged the items he found in Appellant's purse, he wrote "two small packages of methamphetamine found in suspect's purse."[39] From Officer Stone's notations, it was clear to the jury that the penalty group 1 drug for which he arrested Appellant was methamphetamine.

**C.     The forensic scientist's testimony about the penalty group was connected to the offense date in this case.**

In viewing the forensic scientist's testimony in context and in the light most favorable to the verdict, it is clear that his testimony concerning methamphetamine being in penalty group 1 was referring back to the offense date listed in his lab report.

Todsen testified that the items Officer Stone retrieved from Appellant's purse contained methamphetamine.[40] Todsen's lab report, which was admitted, reflected that the items contained 1.57 grams of methamphetamine, and noted an offense date

---

[38] Jury Trial Tr. 3: 47-48.
[39] Jury Trial Tr. 3: 53; State's Ex. 11.
[40] Jury Trial Tr. 3: 75.

of July 8, 2014.[41] Todsen additionally testified that methamphetamine is a controlled substance in penalty group 1.[42]

To reach the conclusion that Todsen was specifically testifying in the present tense that methamphetamine is currently in penalty group 1 ignores the entire context of Todsen's testimony. The full context of his testimony makes clear that he was testifying concerning the methamphetamine he tested in this case and prepared a lab report to reflect the results of that testing.[43] The lab report clearly states the offense date of July 8, 2014.[44] Therefore, the full context of Todsen's testimony makes clear that when he said methamphetamine was in penalty group 1, he was speaking about the methamphetamine he tested.[45] Todsen was not testifying about methamphetamine in general; rather, he was testifying concerning the specific methamphetamine he tested that was obtained from Appellant on July 8, 2014.[46]

In addition to ignoring the full context of Todsen's testimony, Appellant also forgets that the testimony must be viewed in the light most favorable to the verdict for a sufficiency review.[47] Viewing the testimony in the light most favorable to the

---

[41] Jury Trial Tr. 3: 78-80; State's Ex. 15.
[42] Jury Trial Tr. 3: 77.
[43] Jury Trial Tr. 3: 59-80.
[44] Jury Trial Tr. 3: 78-80; State's Ex. 15.
[45] Jury Trial Tr. 3: 59-80; State's Ex. 15.
[46] Jury Trial Tr. 3: 59-80; State's Ex. 15.
[47] *See, e.g., Parker v. State*, 192 S.W.3d 801,804 (Tex.App.—Houston [1st Dist.] 2006, pet. ref'd).

verdict, Todsen's testimony establishes methamphetamine was a penalty group 1 controlled substance on the date of the offense as listed in his lab report.[48]

In considering both Officer Stone's testimony that Appellant was arrested for a penalty group 1 offense and his notes that the substance was methamphetamine and Todsen's testimony that clearly related to the methamphetamine seized on the offense date in his lab report, the record contains sufficient evidence that methamphetamine on the offense date was in penalty group 1.

## II. Viewed in the light most favorable to the verdict, the evidence sufficiently established Appellant knowingly possessed methamphetamine.

First, Appellant had to concede on the stand that the purse where the methamphetamine was found was her purse.[49] She also admitted that she was in possession of the purse when Officer Stone found the methamphetamine.[50]

The jury was free to make reasonable inferences from the evidence.[51] The fact that purses are personal and intimate containers would be a reasonable inference for the jury.

Mr. Breeding testified that the three individuals, including Appellant, appeared like they were "on something" and that Appellant was not acting right.[52]

---

[48] Jury Trial Tr. 3: 59-80; State's Ex. 15.
[49] Jury Trial Tr. 3: 91-92.
[50] Jury Trial Tr. 3: 105.
[51] *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).
[52] Jury Trial Tr. 3: 26.

15

Additionally, Officer Stone testified that when he arrested Appellant, he saw signs she was on methamphetamine: she had dark circles under her eyes, a glassy look, and dilated pupils.[53] The fact that Appellant had symptoms consistent with methamphetamine use is evidence that tends to connect her to the methamphetamine in her purse.

Appellant also had to admit that when she was arrested, she had just come from a party where drugs were being used. The jury, as the determiner of credibility, was free to reject Appellant's claim that she had not used drugs at the party. Thus, her admission about where she was coming from immediately before the arrest further tends to connect her to the methamphetamine found in her purse.

By their guilty verdict, the jury clearly rejected Appellant's story about being separated from her purse earlier in the evening. The jury alone is the exclusive judge of the credibility of a witness and the weight to be given that witness's testimony.[54] Appellant's story about being separated from her purse and how she came to the Enterprise yard did not make any sense.[55] Additionally, the State impeached Appellant's credibility with three prior felony convictions, two of which were for

---

[53] Jury Trial Tr. 3: 50; State's Ex. 9.
[54] *See, e.g., Jones v. State*, 944 S.W.2d 642,647 (Tex. Crim. App. 1996).
[55] Jury Trial Tr. 3: 88-92.

16

fraud-related offenses.[56] By its verdict, the jury clearly rejected Appellant's bizarre story about being separated from her purse.

Finally, in *Parker v. State*, the First District Court of Appeals examined a similar set of facts and held that the evidence was sufficient for knowing possession for drugs found in an offender's purse.[57] In *Parker,* the cocaine was found in the trunk of the defendant's car in her purse.[58] The defendant admitted that the purse was hers, but denied knowing how the cocaine came to be in her purse.[59] The First District Court of Appeals found that this evidence was legally sufficient to link the defendant to the cocaine found in her purse.[60]

Applying the *Parker* analysis to these facts reveals this evidence, viewed in the light most favorable to the verdict, is also sufficient to prove Appellant knowingly possessed the methamphetamine. Appellant admitted it was her purse.[61] Appellant admitted she possessed the purse at the time the methamphetamine was found.[62] Appellant demonstrated symptoms of being high on methamphetamine, and had just come from a party where drugs were used.[63] And, Appellant's story about

---

[56] Jury Trial Tr. 3: 101-04; State's Ex. 16, 17, 18.
[57] *Parker*, 192 S.W.3d at 801.
[58] *Id.*
[59] *Id. at 805.*
[60] *Id.*
[61] Jury Trial Tr. 3: 91-92.
[62] Jury Trial Tr. 3: 105.
[63] Jury Trial Tr. 3: 88; 3: 51.

being separated from her purse was far-fetched and self-serving.[64] Thus, the evidence sufficiently proved that Appellant knowingly possessed the methamphetamine found in her purse.

## CONCLUSION

The State did not allege that meth was in penalty group 1, so the State was not required to prove the penalty group. Rather, once the State proved that Appellant possessed meth on a date certain, it was the judge's responsibility to apply the law to those facts for the jury in the charge. The trial judge fulfilled his duty and properly charged the jury. Thus, Appellant has confused the role of the State and the judge in claiming the State had some duty to prove what the law was. Since this was the trial judge's responsibility and since the trial judge properly applied the law to the facts in his charge, Appellant's first point should be overruled.

Regardless, the State sufficiently proved that methamphetamine is a penalty group 1 substance. Officer Stone testified that he arrested Appellant for possession of a controlled substance in penalty group 1. When packaging the drugs, Officer Stone noted the substance was methamphetamine. Further, the forensic scientist was called to testify about the methamphetamine that he tested for this case. His lab report, which was admitted, referenced the offense date of July 8, 2014. The context of his testimony shows that when he testified that methamphetamine was in penalty

---

[64] Jury Trial Tr. 3: 88-92.

18

group 1, this testimony referred to the methamphetamine he tested that was seized on July 8, 2014. The hyper-narrow reading that Appellant advances of Todsen's testimony must be rejected. Rather, in viewing both Officer Stone and Todsen's testimony in the light most favorable to the verdict, there is sufficient evidence that methamphetamine was in penalty group 1 on the date of the offense. Thus, Appellant's first point should be overruled.

Additionally, the methamphetamine was found in Appellant's purse which she possessed immediately before it was searched by Officer Stone. Appellant admitted it was her purse. Purses are intimate and personal containers. Appellant also had symptoms of being under the influence of methamphetamine, and admitted she had just come from a party where drugs were used. Further, the jury, as the fact-finder, by their guilty verdict, clearly rejected Appellant's story about how the purse was out of her custody earlier that night. Finally, the First District Court of Appeals, in *Parker v. State*, has found that drugs found in an offender's purse were sufficient evidence to link the offender to the drugs. Therefore, Appellant's second point should be overruled, and the judgment of the trial court should be affirmed.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, the State prays that the Judgment of Conviction entered by the Trial Court in this case be affirmed and that Appellant's appeal be denied.

19

Respectfully submitted,


__/s/ Casey Polhemus_____
Casey Polhemus
97th District Attorney
State Bar No. 24077936
97th District Attorney
P.O. Box 55
Montague, Texas 76251
Tel. (940) 894-6211
Fax (940) 894-6203

## CERTIFICATE OF SERVICE

This statement certifies that a true and correct copy of the foregoing instrument has been e-mailed December 21, 2017, as follows:

Carey Jensen
813 8th Street, Suite 550D
Wichita Falls, Texas 76301
careyjensenlaw@gmail.com

__/s/ Casey Polhemus_____
Casey Polhemus
97th District Attorney

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 3,556 words. The body text is in 14-point font, and the footnote text is in 12-point font.


__/s/ Casey Polhemus_____
Casey Polhemus
97th District Attorney