**MODIFY and AFFIRM; Opinion Filed February 5, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-17-00082-CR
_____

**JAMES ADAM GREEN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F15-12325-L**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Schenck

James Adam Green appeals his conviction for possession of a controlled substance with

the intent to deliver. In two issues, appellant challenges the sufficiency of the evidence to support

his conviction. The State argues by cross-issue that the amounts of the court costs and fine in the

judgment are not supported by the record. We modify the judgment to reflect court costs of $284

and a fine of $2000 and affirm the judgment as modified. TEX. R. APP. P. 47.4.

### BACKGROUND

On the evening of June 28, 2015, Carrollton Police Department Detective Gordon Gray

searched on Craigslist for advertisements directed toward the Carrollton area that appeared to be

selling narcotics. After identifying an advertisement as one for methamphetamine, Detective Gray

exchanged text messages with the seller to arrange the purchase of one gram of methamphetamine

and for the transaction to take place at a certain fast food restaurant at 1:15 a.m. on June 29, 2015.

Detective Gray informed his backup officer, Danny Witt, a K9 officer who worked with a police dog named Endo, about the transaction. At 1:18 a.m., Detective Gray received a text message from the seller that he had seen the detective's marked patrol car at the specified meeting location. Detective Gray responded by moving the meeting location to a gas station across the street. Then Detective Gray and Officer Witt drove their marked police cars to the gas station where they located a truck in which appellant and a passenger, Terry Brooks, were sitting. Officer Witt arrived first and witnessed the two occupants of the truck look over at his marked patrol car and begin to pull out of the parking space. Officer Witt activated his emergency lights to initiate a traffic stop at which point appellant "hit the gas pretty good," but Detective Gray arrived and pulled his car in front of the truck to prevent its escape.

Officer Witt removed appellant and Brooks from the truck and deployed the police dog Endo who alerted him that drugs were near the truck. Officer Witt then allowed Endo inside the truck. He alerted the officer that drugs were near the center console where Officer Witt found a Styrofoam cup containing some liquid and a torn, plastic baggie. Detective Gray tested the contents of the cup with a field kit that returned a positive result for methamphetamine. A lab test later determined the liquid weighed an aggregate 30.72 grams and contained methamphetamine. The police also recovered from the truck appellant's cell phone and a purse that contained appellant's Texas identification, a small plastic bag, a digital scale, and a pair of brass knuckles. Both the digital scale and plastic bag contained a white powder residue.

Appellant was charged by indictment with one count of possession of methamphetamine in an amount of 4 grams or more but less than 200 grams with the intent to deliver. Appellant pleaded not guilty and proceed with a trial before a jury who ultimately found appellant guilty of the charged offense. The trial court sentenced appellant to ten years' confinement and assessed a fine of $2000. The trial court suspended imposition of its sentence and fine and placed appellant

on community supervision for a period of ten years. Appellant filed a motion for new trial, which was denied.

## DISCUSSION

In two issues, appellant urges there was insufficient evidence to demonstrate he intended to deliver methamphetamine and to establish the quantity of methamphetamine as alleged by the State.

When reviewing whether there is legally sufficient evidence to support a criminal conviction, the standard of review we apply is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App. 2015), cert. denied, 136 S. Ct. 198 (2015) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard tasks the factfinder with resolving conflicts in the testimony, weighing the evidence, and drawing reasonable inferences from basic facts. *Id.* On appeal, we determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.* Thus, we are not permitted to use a "divide and conquer" strategy for evaluating sufficiency of the evidence because that approach does not consider the cumulative force of all the evidence. *Id.* When the record supports conflicting inferences, we presume that the factfinder resolved the conflicts in favor of the verdict, and we defer to that determination. *Id.* at 448–49.

To establish unlawful possession of a controlled substance with intent to deliver, the State must prove the defendant (1) exercised custody, control, management, or care over the substance, (2) intended to deliver it to another, and (3) knew the substance possessed was contraband.[1] *Parker*

---

[1] The term "controlled substance" describes the numerous substances listed in the schedules and penalty groups of our Controlled Substances Act, specifically "a drug, an adulterant, and a dilutant" listed in those schedules and penalty groups, which include methamphetamine. TEX. HEALTH & SAFETY CODE § 481.002(5). The term "controlled substance" also "includes the aggregate weight of any mixture, solution, or other substance

–3–

*v. State*, 192 S.W.3d 801, 805 (Tex. App.–Houston [1st Dist.] 2006, pet. ref'd); *see* TEX. HEALTH & SAFETY CODE ANN. §§ 481.002(38), 481.112(a); *Blackman v. State*, 350 S.W.3d 588, 594 (Tex. Crim. App. 2011). Intent to deliver may be proven by circumstantial evidence. *Obryant v. State*, 01-08-00740-CR, 2009 WL 4724667, at *3 (Tex. App.—Houston [1st Dist.] Dec. 10, 2009, pet. ref'd) (not designated for publication). Intent to deliver may be inferred from, among other things, the quantity of drugs the defendant possessed, the manner of packaging of the drugs, and the presence or absence of drug paraphernalia (for use or sale). *See id.*

Of the elements the State must prove to establish unlawful possession of a controlled substance with intent to deliver, appellant has only challenged the element that he intended to deliver the controlled substance to another. The record contains the following evidence to support that element. Appellant arrived both at the fast food restaurant and at the gas station in response to Detective Gray's request to purchase methamphetamine. In the truck appellant was driving, the police found a cup containing a liquid that tested positive for methamphetamine, a cell phone, and a purse that contained appellant's Texas identification, a small plastic bag, a digital scale, and a pair of brass knuckles. The liquid testing positive for methamphetamine weighed 30.72 grams. Both the digital scale and plastic bag contained a white powder residue. Irving Police Department Officer Ryan Slicker, a drug trafficking expert, testified that the plastic baggies found both in the cup of liquid and appellant's purse were a size commonly used by drug distributors. The cell phone revealed information specific to appellant, including photographs of himself and his truck. The phone also contained text messages documenting prior drug sales to at least five other individuals and containing his address and social security number.

---

containing a controlled substance." *Id.* "Adulterant or dilutant" means any material that increases the bulk or quantity of a controlled substance, regardless of its effect on the chemical activity of the controlled substance. HEALTH & SAFETY § 481.002(49).

Appellant complains that his passenger Brooks had more proximate access to the purse than appellant and implies Brooks could have placed appellant's identification in the purse. However, Detective Gray testified that he initially took appellant for a woman because he was dressed as a woman. Additionally, the cell phone recovered with photographs of appellant also included photographs of drugs being weighed on the same set of scales found in the purse. Thus, a factfinder could have reasonably concluded that the purse and all of its contents belonged to appellant.

Viewing the combined and cumulative force of all the evidence in the light most favorable to the verdict, we conclude the evidence is sufficient to support a finding that appellant intended to deliver the controlled substance to another. *See Murray*, 457 S.W.3d at 448–49. We overrule appellant's first issue.

In his second issue, appellant argues the evidence is insufficient to convict him of the charged offense of possessing more than four but less than 200 grams of methamphetamine with intent to deliver. In support of this issue, appellant relies on the following. Although the measured amount of liquid and methamphetamine found in the cup in his truck was 30.72 grams, there was no evidence regarding what percentage of the mixture was methamphetamine. Officer Slicker testified that the plastic baggie found in the cup was of the type that would normally hold about a gram. Appellant further contends that he attempted to destroy the powder methamphetamine by submerging it in liquid and thus he should not be held responsible for any quantity of the liquid.

The State is not required to determine the amount of controlled substance and the amount of adulterant and dilutant that constitute a mixture. *See Jones v. State*, 235 S.W.3d 783, 786 (Tex. Crim. App. 2007) (holding regardless of when, how, or why bleach was added to methamphetamine, it may be added to the aggregate weight of the controlled substance). Instead, the State has to prove only that the aggregate weight of the controlled substance mixture, including

–5–

adulterants and dilutants, equals the alleged minimum weight. *See id.* Accordingly, we overrule appellant's second issue.

### MODIFICATION OF JUDGMENT

In a single cross-issue, the State urges that the judgment should be modified to reflect the court costs and fines assessed against appellant. The judgment reflects court costs of $309, despite the certified bill of costs that reflects actual costs totaling $284. Additionally, the judgment reflects a fine of $200, although the record reflects the trial court orally pronounced a fine of $2000.

We have the authority to modify the trial court's judgment to make the record speak the truth. TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992). Accordingly, we modify the judgment as follows: (1) the court costs amount should be $284; and (2) the fine amount should be $2000.

### CONCLUSION

We affirm the trial court's judgment as modified.

/David J. Schenck/
_____
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

170082F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES ADAM GREEN, Appellant

No. 05-17-00082-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas
Trial Court Cause No. F15-12325-L.
Opinion delivered by Justice Schenck, Justices Bridges and Myers participating,

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:
    (1) the court costs amount should be $284; and
    (2) the fine amount should be $2000.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of February, 2018.